# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVIDSON HAMBY, JR., *et al.*, | )<br>)<br>) |
| Plaintiffs, | ) No. 3:13-cv-00096<br>) Judge Campbell |
| v. | )<br>) |
| VICTOR SAMUEL JOHNSON III, *et al.*, | )<br>) |
| Defendants. | ) |

## **M E M O R A N D U M**

Co-plaintiffs Hamby, Shannon, and Braden[1] bring this *pro se, in forma pauperis* action under 42 U.S.C. § 1983 against prosecutor Victor Samuel Johnson, III, Nashville District Attorney General Tory Johnson, and unnamed assistant district attorneys. (Docket No. 1). The plaintiffs are inmates at the Metro-Davidson County Detention Facility in Nashville, Tennessee. (*Id.*) The plaintiffs seek $17,000,000 in damages. (Docket No. 1 at p. 4). The plaintiffs also have filed a motion for injunctive relief. (Docket No. 14).

The plaintiffs' complaint is before the court for an initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and *McGore v. Wigglesworth*, 114 F.3d 601 (6th Cir. 1997), *reversed on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I.     PLRA Screening of the Complaint

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

---

[1] Although eight (8) plaintiffs initially filed the complaint, five (5) plaintiffs are dismissed in the order filed contemporaneously herewith for failure to comply with the court's orders and failure to prosecute.

1

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

Although *pro se* complaints are to be construed liberally by the court, *see Boag v. McDougall*, 454 U.S. 364, 365 (1982), the court is required to dismiss a complaint brought by a plaintiff proceeding *in forma pauperis* "at any time the court determines" that the complaint is frivolous, malicious, or fails to state a claim on which relief may be granted, 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).

## II. Allegations

The complaint alleges, among other things, that Nashville District Attorney General Tory Johnson and unnamed assistant district attorneys are engaging in a pattern of illegal and corrupt actions towards criminal defendants, including the plaintiffs, such as holding them for lengthy periods of time without sufficient evidence that they committed the crimes for which they are charged. (Docket No. 1 at pp. 1-4 & Attachs.). The plaintiffs allege that the defendants' conduct is motivated by racial animus and financial gain. (*Id.*) The plaintiffs further allege that they are not allowed to file motions in their state criminal cases, evidence is being kept from them, and that their rights to speedy trials have been violated. (Docket No. 14 at p. 2).

## III. Section 1983 Standard

The plaintiffs filed their complaint pursuant to 42 U.S.C. § 1983. To state a claim under §

1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**IV.    Analysis**

First, the court notes that the plaintiffs have named both Victor Samuel Johnson, III, and Tory Johnson as defendants in this case. However, these names refer to the same person, the Nashville District Attorney General, whose full name is Victor Samuel Johnson, III, and who is commonly known as Tory Johnson.

The plaintiffs' claims for monetary damages against Tory Johnson and the unnamed assistant district attorneys in their official capacities based upon actions in prosecuting the plaintiffs under state law are barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64, 71 (1989). Thus, those claims must be dismissed.

To the extent that the defendants are sued in their individual capacities, those claims are barred by prosecutorial immunity. It is well-settled that prosecutors enjoy absolute immunity from suits under § Section 1983 for conduct related to the initiation and presentation of the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 420, 431 (1976); *Howell v. Sanders,* 668 F.3d 344, 349 (6th Cir. 2012). Because the immunity attaches to the prosecutorial function, not the manner in which a prosecutor performs it, prosecutorial immunity provides protection from judicial scrutiny of the

3

motives for the prosecutor's actions. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997). "Absolute immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." *Grant v. Hollenback*, 870 F.2d 1135, 1138 (6th Cir. 1989).

Here, the plaintiffs do not argue that the prosecutorial defendants engaged in activities outside the scope of their prosecutorial duties but, rather, argue that the prosecutorial defendants, motivated by racial animus and financial gain, conspired to have these plaintiffs detained for long periods of time before trial. However, allegations of conspiracy do not abrogate a prosecutor's immunity, *Imbler*, 424 U.S. at 415-16, and, as discussed above, absolute immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. Accordingly, because the prosecutorial defendants' actions were within the scope of their prosecutorial duties and therefore "intimately associated with the judicial phase of the criminal process," they are protected by prosecutorial immunity. The plaintiffs' individual capacity claims against them fail.

To the extent that the plaintiffs are attempting to allege a civil conspiracy claim against the defendants, the complaint makes only broad, conclusory allegations without facts to support a conspiracy theory. *Tahfs v. Proctor*, 316 F.3d 584, 591-92 (6th Cir. 2003)(holding that general allegations of corruption fail to satisfy even the minimal notice pleading requirements of the Federal Rules of Civil Procedure for a civil conspiracy claim under § 1983). Likewise, any attempt by the plaintiffs to assert a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim fails because the complaint does not allege with any degree of particularity the elements necessary to prevail on a RICO claim. *See, e.g., Sedima S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

The crux of the plaintiffs' complaint, as well as the plaintiffs' motion for injunctive relief, is that they have been unlawfully charged, detained, or convicted in state court by defendant Johnson

or the assistant district attorneys working in Johnson's office.[2] The court does not discount the seriousness of such allegations. However, such claims sound in *habeas corpus* and are not appropriately brought in a § 1983 action. The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges **the fact or duration of his confinement** . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973))(emphasis added). A § 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief. *Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254).

Additionally, a state prisoner does not state a cognizable claim under § 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of *habeas corpus*. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). More recently, the United States Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, such as here, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Under *Heck*, the court cannot grant the relief requested by the plaintiffs in their complaint (Docket No. 1) or motion for injunctive relief (Docket No. 14). The plaintiffs' claims concerning the validity of their continued confinement would be more appropriately brought in separate petitions

---

[2] For example, the complaint alleges that plaintiff Braden has been held on unsubstantiated state criminal charges for three years without a court hearing.

for writ of *habeas corpus*, not in a civil rights complaint. Those claims will be dismissed <u>without prejudice</u>, should the plaintiffs wish to pursue them via the appropriate legal route.

**V.     Conclusion**

For these reasons, the court finds that the allegations in the complaint fail to state claims upon which relief can be granted under 42 U.S.C. § 1983.  28 U.S.C. § 1915A.  The plaintiffs' claims pertaining to the plaintiffs' state court charges, detentions, convictions and/or sentences are not appropriate for a § 1983 action and therefore will be dismissed without prejudice.

An appropriate Order will be entered.

                                                  Todd J. Campbell
                                                  United States District Judge