## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **WILLIAM DAVIDSON HAMBY, JR.,** | ) | |
| *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 3:13-cv-00096** |
| | ) | **Judge Campbell** |
| **v.** | ) | |
| | ) | |
| **VICTOR SAMUEL JOHNSON III,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### O R D E R

The plaintiffs seek to bring a *pro se* action under 42 U.S.C. § 1983 against prosecutor Victor Samuel Johnson, III, Nashville District Attorney General Tory Johnson, and unnamed assistant district attorneys.  (Docket No. 1).  The plaintiffs are inmates at the Metro-Davidson County Detention Facility in Nashville, Tennessee.  (*Id.*)

The following plaintiffs have submitted applications to proceed *in forma pauperis*:  William Davidson Hamby, Jr. (Docket No. 2), Jamal Braden (Docket No. 17), and Byron Shannon (Docket No. 18).  It appears from these plaintiffs' applications that neither of them can afford to pay the filing fee.  Therefore, the Clerk will **FILE** the complaint *in forma pauperis* as to plaintiffs Hamby, Jr., Braden, and Shannon.  28 U.S.C. §§ 1915(a), (b)(4).  However, process shall **NOT** issue.

In its order of February 11, 2013 (Docket No. 3), the court forewarned the plaintiffs  that failure to comply with the court's order within the specified time frames would result in this action being dismissed as to the non-compliant party or parties and each plaintiff's portion of the filing fee assessed against him anyway.  (Docket No. 3 at p. 2).  To date, the following plaintiffs have failed to submit either their portion of the civil filing fee or applications to proceed *in forma pauperis* in compliance with the court's order of February 11, 2013 (Docket No. 3):  Bobby Scruggs, Robert

Morris, Adrian Merritt, Bobby Jo Rippy, and Angel Rivera. Excluding Merritt, these plaintiffs have returned to the court certified mail receipts indicating that they received a copy of the court's order. (Docket Nos. 8, 10, 11, 16). The copy of the court's order mailed to Merritt was returned as "undeliverable." (Docket No. 15). Although plaintiff Rivera was directed by the court (Docket No. 3 at p. 2) to sign and return the complaint within fifteen (15) days of his receipt of the court's order, plaintiff Rivera never returned a signed complaint, even though he received the court's order on February 19, 2013 (Docket No. 10).

None of these plaintiffs ever requested an extension of time to comply with the court's order. Therefore, as to plaintiffs Scruggs, Morris, Merritt, Rippy, and Rivera, this action is **DISMISSED** for failure to comply with the orders of the court, and for want of prosecution. Rule 41(b), Fed. R. Civ. P.; *see Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Accordingly, each plaintiff (Hamby, Scruggs, Morris, Merritt, Shannon, Braden, Rippy, and Rivera) is herewith assessed his portion of the three hundred fifty dollars ($350.00) civil filing fee which is **$43.75.** Pursuant to 28 U.S.C. §§ 1915(b)(1)(A) and (B), the custodian of each plaintiff's inmate trust fund account at the institution where he now resides is directed to submit to the Clerk of Court, as an initial payment, whichever is greater:

(a)     twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust fund account; **or**

(b)     twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust fund account for the prior six (6) months.

Thereafter, the custodian shall submit twenty percent (20%) of each plaintiff's preceding monthly

2

income, or income credited to the plaintiff's inmate trust fund account for the preceding month, but only when his monthly income exceeds ten dollars ($10.00). 28 U.S.C. § 1915(b)(2). Payments shall continue until each plaintiff has paid his portion of the fee in full to the Clerk of Court. *Id.*

Because the plaintiffs are prisoners, the court is obliged to conduct a preliminary review of the complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A. As provided in the accompanying memorandum, the complaint is **DISMISSED** for failure to state claims on which relief may be granted. The claims pertaining to the plaintiffs' state court charges, detentions, convictions and/or sentences are **DISMISSED WITHOUT PREJUDICE**. The plaintiffs' motion for injunctive relief (Docket No. 14) is **DENIED**.

Because an appeal would **NOT** be taken in good faith, the plaintiffs are **NOT** certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should the plaintiffs decide to file a notice of appeal, they must pay the Clerk of Court the full four hundred fifty-five dollar ($455.00) appellate filing fee or submit an application to proceed *in forma pauperis* with a certified copy of his inmate trust account statement for the previous six (6) month period. 28 U.S.C. §§ 1915(a)(1) & (a)(2).

The Clerk is **DIRECTED** to send a copy of this order to the Sheriff of the Davidson County Jail to ensure that the custodian of the plaintiffs' inmate trust fund accounts complies with the portion of the Prison Litigation Reform Act that pertains to the payment of filing fees. Should either plaintiff be transferred from his present place of confinement, the custodian of his inmate trust fund account shall ensure that a copy of this order follows the plaintiff to his new place of confinement. All payments made pursuant to this order shall be forwarded to the Clerk of Court for the Middle

3

District of Tennessee.

Entry of this Order shall constitute the judgment in this action.

It is so **ORDERED.**

_Todd Campbell_

Todd J. Campbell
United States District Judge

4