UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **WILLIAM DAVIDSON HAMBY, JR.,** *et al.*, ) ) ) | |
| **Plaintiffs,** ) ) | No. 3:13-cv-00096 |
| ) | Judge Campbell |
| v. ) ) | |
| **VICTOR SAMUEL JOHNSON III,** *et al.*, ) ) | |
| **Defendants.** ) | |

## O R D E R

Plaintiff Hamby, Jr. has filed a *pro se* "Motion in Opposition to Court Dismissal Without Prejudice to Case/Opposition to Injunction Denial" (Docket No. 34) of the court's order and memorandum entered on April 10, 2013 (Docket Nos. 20 and 21), dismissing the plaintiff's claims against Victor Samuel Johnson, III, and unnamed assistant district attorneys for failure to state claims upon which relief can be granted and denying the plaintiff's motion for injunctive relief (Docket No. 14).[1] As to the plaintiff's claims pertaining to his state court charges, detentions, convictions and/or sentences, the court dismissed those claims without prejudice. (Docket Nos. 20 and 21).

The court construes the instant motion as a motion to alter or amend judgment under Rule 59(e), Fed. R. Civ. P. Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir.1999).

---

[1] In the same order (Docket No. 21), the court granted plaintiffs Hamby, Jr., Braden, and Shannon's applications to proceed as paupers and dismissed the claims brought by plaintiffs Scruggs, Morris, Merritt, Rippy, and Rivera for failure to comply with the orders of the court, and for want of prosecution. (*Id.*)

1

The court has considered the plaintiff's arguments (Docket No. 34) and reviewed all relevant material in the record. Although the plaintiff rejects the court's earlier ruling, the plaintiff does not allege that there is newly discovered evidence or an intervening change in controlling law that would require the court to revisit its analysis under different facts or law. The plaintiff simply disagrees with the court's review of the complaint under 28 U.S.C. § 1915(e)(2)(B). Consequently, the court's prior decision stands. Accordingly, the plaintiff's motion to alter or amend (Docket No. 34) is **DENIED**.

It is so **ORDERED**.

_____
Todd J. Campbell
United States District Judge